UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOEL WAKS,

                            Plaintiff,

v.                                                  1:24-CV-0951
                                                       (GTS/TWD)
A&H SECURITY SERVICES, LLC; and
TAMMY KULZER

                            Defendants.
_____

APPEARANCES:                                       OF COUNSEL:

LUIBRAND LAW FIRM, PLLC                 KEVIN A. LUIBRAND, ESQ.
  Counsel for Plaintiff
950 New Loudon Road
Latham, NY 12110

BOND, SCHOENECK & KING PLLC         REBECCA JADE LaPOINT, ESQ.
  Counsel for Defendant A&H Security       SANJEEVE K. DeSOYZA, ESQ.
22 Corporate Woods Boulevard, Suite 501
Albany, NY 12211

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this tort action filed by Joel Waks ("Plaintiff") against A&H Security Services, LLC ("A&H") and Tammy Kulzer (collectively "Defendants"), is Plaintiff's motion for default judgment against Defendant Kulzer only. (Dkt. No. 25.) For the reasons set forth below, Plaintiff's motion is denied without prejudice.

**I.    RELEVANT BACKGROUND**

    **A.**    **Plaintiff's Complaint**

Generally, in his Complaint, Plaintiff asserts three claims: (1) a claim of defamation per se against Defendant Kulzer and Defendant A&H arising from Defendant Kulzer's false statements (made "at the behest of" Defendant A&H) to the Colonie Police Department and Federal Bureau of Investigation ("FBI") that Plaintiff engaged in the sexual abuse of a minor; (2) a claim of intentional infliction of emotional distress against both Defendants arising from the same conduct; and (3) a claim for failure to pay overtime against Defendant A&H in violation of 12 N.Y.C.R.R. § 142-3.2. (Dkt. No. 2.)

Plaintiff served Defendant Kulzer with the Complaint on September 6, 2024. (Dkt. No. 12.) On October 22, 2024, at the request of Plaintiff, the Clerk of Court entered Defendant Kulzer's default pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 20.) Plaintiff filed the pending motion for default judgment on November 22, 2024. (Dkt. No. 25.)

### B.    Parties' Briefing on Plaintiff's Motion for Default Judgment

#### 1.    Plaintiff's Memorandum of Law

Generally, in his motion for default judgment, Plaintiff argues that relevant conditions to warrant default judgment against Defendant Kulzer on the issue of liability have been met, and that the allegations in the Complaint indicate entitlement to such judgment. (Dkt. No. 25, Attach. 1.) Plaintiff further requests that a hearing be held to present evidence, as necessary, to determine the amount of damages for which Defendant Kulzer is liable. (*Id.*)

#### 2.    Defendant A&H's Opposition Memorandum of Law

Defendant Kulzer has not appeared or submitted any objection to Plaintiff's motion for default judgment. (*See generally,* Docket Sheet.) However, Defendant A&H has submitted an opposition memorandum of law, in which it argues that the Court should either deny Plaintiff's

motion or stay consideration pending resolution of the claims against it, because (1) entry of judgment at this early stage while the relevant claims are still pending against Defendant A&H raises the possibility of inconsistent judgments, and, in any event, (2) delaying entry of judgment against Defendant Kulzer on liability for now would not prejudice Plaintiff given that this Court should not issue a judgment on damages until after the claims against Defendant A&H have been resolved. (Dkt. No. 29.)

## II.    GOVERNING LEGAL STANDARDS

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend ... the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id.* "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id.* (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief ..., the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties ... if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

## III.    ANALYSIS

After careful consideration, the Court finds that Plaintiff's motion for default judgment against Defendant Kulzer should be denied without prejudice for the reasons stated in Defendant

3

A&H's opposition memorandum of law. *See, supra* Part I.B.2 of this Decision and Order. To those reasons, the Court adds the following brief analysis.

Rule 54(b) of the Federal Rules of Civil Procedure indicates that, "[w]hen an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*." Fed. R. Civ. P. 54(b) (emphasis added). "Generally, a district court may properly find that there is no just reason for delay only when delay would cause hardship or injustice that would be alleviated by entry of a final judgment." *Amalgamated Serv. & Allied Indus. Joint Bd. v. Supreme Hand Laundry, Inc.*, 182 F.R.D. 65, 86 (S.D.N.Y. 1998) (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 [2d Cir. 1997]). Courts can properly consider "such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Bricklayers and Allied Craftworkers Local 2, Albany, New York Pension Fund by O'Sick v. Wietecha Enters., Inc.*, 15-CV-0582, 2017 WL 5905569, at *3 (N.D.N.Y. Nov. 30, 2017) (Suddaby, C.J.) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 [1980]). "The Second Circuit has cautioned that 'the court's power under Rule 54[b] to enter a final judgment before an entire case is concluded should be exercised sparingly.'" *McDonough v. Smith*, 15-CV-1505, 2017 WL 1901962, at *2 (N.D.N.Y. May 8, 2017) (D'Agostino, J.) (quoting *Advanced Magnetics, Inc.*, 106 F.3d at 16.)

Here, although the Clerk of Court has issued an entry of default against Defendant Kulzer, Plaintiff has not argued that there is no just reason to delay the issuance of a default judgment against her until the claims against Defendant A&H are resolved.  Notably, the two claims asserted against Defendant Kulzer–for defamation per se and intentional infliction of emotional distress–are also asserted against Defendant A&H, given that Plaintiff alleges that Defendant Kulzer made false statements about him committing serious crimes "at the behest of Defendant A&H, in order to cause the firing of Plaintiff." (Dkt. No. 2, at ¶¶ 74-85.)  Although Defendant A&H would appear to have some of its own unique defenses to these claims that could not be raised by Defendant Kulzer, it is correct that Defendant A&H's defense could reasonably include attempting to prove that Defendant Kulzer's statements were not false, or that Defendant Kulzer's conduct in general does not meet the standard of the claims asserted (given that proving that the relevant tort was not committed would necessarily impact the liability of Defendant A&H for allegedly directing or encouraging Defendant Kulzer to engage in that conduct).  In other words, because the claims against Defendant A&H are also based on Defendant Kulzer's statements, the claims against the two parties have a strong degree of inseparability, and issuing a liability judgment on the claims against Defendant Kulzer at this stage could result in inconsistent judgments.  The risk of inconsistent judgments has been found to be a just reason for delay of an entry of default judgment. *Hunter v. Shanghai Huangzhou Elec. Appliance Mfg, Co., Ltd.*, 505 F. Supp. 3d 137, 162-63 (N.D.N.Y. 2020) (Sannes, J.); *see also Aeronet Worldwide, Inc. v. AB&M Interstate Servs., Inc.*, 22-CV-1081, 2023 WL 6599077, at *5 (N.D.N.Y. Oct. 10, 2023) (Sannes, C.J.).

Lastly, the Court sees no indication that delaying entry of default judgment against Defendant Kulzer until after the claims against Defendant A&H are resolved would cause any hardship or injustice to Plaintiff. As Defendant A&H and the cases cited above recognize, Plaintiff would not, in any event, be able to obtain an enforceable judgment for damages until all the claims are resolved because the Court would not make the separate assessment of damages until there has been a liability judgment on the claims against both Defendants. *See e.g., Hunter*, 505 F. Supp. 3d at 163 (noting that whether default was entered at the current time or later would cause no meaningful prejudice because the Court would in both instances reserve a decision on damages until after a liability determination had been made on the claims against the non-defaulting defendants).

For the above reasons, the Court denies Plaintiff's motion for default judgment against Defendant Kulzer without prejudice to renewal.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for default judgment against Defendant Kulzer (Dkt. No. 25) is **DENIED** without prejudice.

Dated: June 25, 2025
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge